IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

DR. BELLE ROSE RAGINS,

        Plaintiff,

v.                                      Case No. 25-CV-338

MAYOR RYAN SORENSON and
CITY OF SHEBOYGAN, WISCONSIN,

        Defendants.

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Rules 7(a)(2) and 8(c)(1) of the Federal Rules of Civil Procedure, Defendants Mayor Ryan Sorenson and City of Sheboygan, Wisconsin, by their attorneys, von Briesen & Roper, s.c., answer Plaintiff's Complaint below. This Answer is based upon Defendants' investigation to date, and Defendants expressly reserve the right to amend the Answer to the full extent provide by applicable law. As and for their answer and affirmative defenses to Plaintiff's Complaint, Defendants state as follows:

## NATURE OF CLAIM

To the extent an answer to the Nature of Claim is necessary, Defendants deny the allegations as stated in Nature of Claim and further deny that Plaintiff has satisfied all prerequisites for bringing these claims.

## JURISDICTION AND VENUE

1.      To the extent an answer to paragraph 1 is necessary, Defendants admit that this Court has jurisdiction under 28 U.S.C. §1331 and §1343; deny the remainder of allegations

contained in the paragraph including any and all allegations of wrongdoing implied or contained therein; and further deny that Plaintiff has satisfied all prerequisites for bringing her claims.

2. Answering paragraph 2, Defendants admit that venue is proper in the Eastern District of Wisconsin and deny any allegations contained in the paragraph including any and all allegations of wrongdoing implied or contained therein.

## PARTIES

3. Answering paragraph 3, Defendants have insufficient information to form beliefs as to the truth of the remaining allegations and therefore, deny same.

4. Answering paragraph 4, Defendants lack sufficient information to form beliefs as to the truth of the allegations of the paragraph and therefore, deny same.

5. Answering paragraph 5, Defendants deny.

6. Answering paragraph 6, Defendants lack sufficient information to form beliefs as to the truth of the allegations of the paragraph and therefore, deny same.

7. Answering paragraph 7, Defendants admit.

8. Answering paragraph 8, Defendants admit.

9. Answering paragraph 9, Defendants admit.

10. Answering paragraph 10, Defendants admit that the City of Sheboygan has been the recipient of federal financial assistance from time to time; deny that the Sheboygan Plan Commission has been a recipient of federal grants; and deny the remainder of the allegations contained in the paragraph.

## FACTS

11. Answering paragraph 11, Defendants admit.

12. Answering paragraph 12, Defendants admit.

13. Answering paragraph 13, Defendants admit.

14. Answering paragraph 14, Defendants lack sufficient information to form beliefs as to the truth of the allegations of the paragraph and therefore, deny same.

15. Answering paragraph 15, Defendants admit that Ellise Rose held the position of Associate Planner with the City of Sheboygan's Development Department in November 2024, and deny the remainder of the allegations of the paragraph as stated. Defendants affirmatively assert that the City Development Department received an email from "Belle Ragins" directed to [Development@sheboyganwi.gov](Development@sheboyganwi.gov) on November 10, 2024, and that the email is a document which speaks for itself and any inconsistent characterizations thereof are denied. Defendants further affirmatively assert that then and now they lack knowledge or information to form beliefs as to the truth of the allegations or implication that Plaintiff is a qualified person with a disability, that she was restricted from attending the meeting based on such disability or that she required accommodation, and therefore deny same. Defendants deny any and all allegations of wrongdoing express or implied.

16. Answering paragraph 16, Defendants lack knowledge or information to form beliefs as the truth of the allegations; therefore, deny the allegations of the paragraph.

17. Answering paragraph 17, Defendants deny the allegations as stated. Defendants admit that on November 12, 2024, at 10:45 a.m., Ellise Rose sent an email to Belle Ragins containing a Microsoft Teams link to the November 12, 2024 Plan Commission meeting, and affirmatively assert that the email is a document which speaks for itself and any inconsistent characterizations thereof are denied.

18. Answering paragraph 18, Defendants admit that the posted agenda did not include a public comment period; further admit that Plaintiff sent an email to Ellise Rose on November 12,

3

Case 2:25-cv-00338-LA   Filed 05/06/25   Page 3 of 15   Document 10

2024; affirmatively assert that the email is a document which speaks for itself and any inconsistent characterizations thereof are denied; and further deny the remaining allegations of the paragraph. Defendants affirmatively assert that they lack information to form beliefs as to the truth of any allegations or implication that Plaintiff is a qualified person with a disability, that she was restricted from attending the meeting based on such disability or that she required accommodation, and therefore deny same. Defendants deny any and all allegations of wrongdoing express or implied.

19. Answering paragraph 19, Defendants admit.

20. Answering paragraph 20, Defendants deny the allegation as stated. Defendants affirmatively assert that Plaintiff used the Teams link to access the meeting on November 12, 2024, but lack information as to the extent and nature of Plaintiff's "attendance" and therefore deny same.

21. Answering paragraph 21, Defendants admit that the agenda did not list a public comment period, that Mayor Ryan Sorenson acted in the role of Chair of the Plan Commission in the Plan Commission meeting on November 12, 2024, and in that capacity as Chair Mayor Sorenson invited public comment and that five in-person attendees made public comment; Defendants deny the remaining allegations of paragraph 21.

22. Answering paragraph 22, Defendants admit that Mayor Ryan Sorenson acted in the role of Chair of the Plan Commission in the Plan Commission meeting on November 12, 2024, and that an individual identified as Roger Miller spoke at the meeting. Defendants deny the remaining allegations of paragraph 22 and affirmatively assert that the video recording of the meeting speaks for itself and any inconsistent characterizations thereof are denied.

23. Answering paragraph 23, Defendants deny the allegations and affirmatively assert that the video recording of the meeting speaks for itself and any inconsistent characterizations thereof are denied.

24. Answering paragraph 24, Defendants admit that Plaintiff spoke initially stating, "I would. I'm Dr. Belle Rose Ragins," but deny the remaining allegations of the paragraph. Defendants affirmatively assert that the video recording of the meeting speaks for itself and any inconsistent characterizations thereof are denied. Defendants affirmatively assert that they lack information to form beliefs as to the truth of any allegations or implication that Plaintiff is a qualified person with a disability, that she was restricted from attending the meeting based on such disability or that she required accommodation, and therefore deny same. Defendants deny any and all allegations of wrongdoing express or implied.

25. Answering paragraph 25, Defendants admit that the Mayor stated, "Excuse me. Excuse me. Excuse me," and that after the Mayor's statement, Plaintiff stated, "I would like to give a testimony." Defendants deny the remaining allegations of the paragraph; affirmatively assert that the video recording of the meeting speaks for itself and any inconsistent characterizations thereof are denied. Defendants affirmatively assert that they lack information to form beliefs as to the truth of any allegations or implication that Plaintiff is a qualified person with a disability, that she was restricted from attending the meeting based on such disability or that she required accommodation, and therefore deny same. Defendants deny any and all allegations of wrongdoing express or implied.

26. Answering paragraph 26, Defendants admit that the statement "She can speak" was made in the meeting and that the Mayor stated, "Nope. You have to be present to publicly testify today. Online is just watching." Defendants deny all remaining allegations of the paragraph as

stated. Defendants affirmatively assert that the video recording of the meeting speaks for itself and any inconsistent characterizations thereof are denied.

27. Answering paragraph 27, Defendants admit that Plaintiff argued with the Mayor stating, "No, I was told by Ellise Rose that we would have access because of the Americans with Disabilities Act" and that the Mayor did pound his gavel and say, "Please, stop. Thank you." Defendants deny all remaining allegations of the paragraph; affirmatively assert that the video recording of the meeting speaks for itself and any inconsistent characterizations thereof are denied. Defendants affirmatively assert that they lack information to form beliefs as to the truth of any allegations or implication that Plaintiff is a qualified person with a disability, that she was restricted from attending the meeting based on such alleged disability or that she required accommodation, and therefore deny same. Defendants deny any and all allegations of wrongdoing express or implied.

28. Answering paragraph 28, Defendants admit that Ellise Rose was seated next to the Mayor, but deny all remaining allegations of paragraph 28.

29. Answering paragraph 29, Defendants admit that Mayor Sorenson recognized Claudia Bricks to speak and deny the remaining allegations of the paragraph; affirmatively assert that the video recording of the meeting speaks for itself and any inconsistent characterizations thereof are denied. Defendants affirmatively assert that they lack information to form beliefs as to the truth of any allegations or implication that Plaintiff is a qualified person with a disability, that she was restricted from attending the meeting based on such disability or that she required accommodation, and therefore deny same. Defendants deny any and all allegations of wrongdoing express or implied.

30. Answering paragraph 30, Defendants admit that Mayor Sorenson made the statements contained within the quotes in the paragraph, but deny all remaining allegations of the paragraph. Defendants deny any and all allegations of wrongdoing express or implied.

31. Answering paragraph 31, Defendants admit that Plaintiff argued with the Mayor stating, "That's wrong. That's absolutely wrong," but deny the remainder of the allegations of the paragraph; affirmatively assert that the video recording of the meeting speaks for itself and any inconsistent characterizations thereof are denied. Defendants further affirmatively assert that they lack information to form beliefs as to the truth of any allegations or implication that Plaintiff is a qualified person with a disability, that she was restricted from attending the meeting based on such disability or that she required accommodation, and therefore deny same. Defendants deny any and all allegations of wrongdoing express or implied.

32. Answering paragraph 32, Defendants admit that Mayor Sorenson stated, "Scott, please mute it"; deny all remaining allegations of the paragraph. Defendants affirmatively assert that the video recording of the meeting speaks for itself and any inconsistent characterizations thereof are denied. Defendants further affirmatively assert that they lack information to form beliefs as to the truth of any allegations or implication that Plaintiff is a qualified person with a disability, that she was restricted from attending the meeting based on such disability or that she required accommodation, and therefore deny same. Defendants deny any and all allegations of wrongdoing express or implied.

33. Answering paragraph 33, Defendants admit that Plaintiff stated, "The Americans with Disabilities Act," but deny the remaining allegations of the paragraph. Defendants affirmatively assert that the video recording of the meeting speaks for itself and any inconsistent characterizations thereof are denied; further that they lack information to form beliefs as to the

7

truth of any allegations or implication that Plaintiff is a qualified person with a disability, that she was restricted from attending the meeting based on such disability or that she required accommodation, and therefore deny same. Defendants deny any and all allegations of wrongdoing express or implied.

34. Answering paragraph 34, Defendants deny that Plaintiff was unable to speak; affirmatively assert that the email from Ellise Rose to Plaintiff speaks for itself and any inconsistent characterizations thereof are denied. Defendants lack information on which to form a belief regarding what and whether Plaintiff inserted anything into the Teams chat and therefore deny the same. Defendants further affirmatively assert that Plaintiff controlled her Teams access, could choose to unmute, and did so. Defendants further affirmatively assert that they lack information to form beliefs as to the truth of any allegations or implication that Plaintiff is a qualified person with a disability, that she was restricted from attending the meeting based on such disability or that she required accommodation, and therefore deny same. Defendants deny any and all allegations of wrongdoing express or implied.

35. Answering paragraph 35, Defendants lack information on which to form a belief regarding whether Plaintiff posted a statement in the Teams chat and therefore deny the same. Defendants deny all remaining allegations of the paragraph. Defendants affirmatively assert that the Teams chat was not monitored or observed by any member of the Commission or City employees and that no individual had the responsibility to monitor or observe the chat. Defendants deny any and all allegations of wrongdoing express or implied.

36. Answering paragraph 36, Defendants deny the allegations as stated; affirmatively assert that the meeting occurred on November 12, 2024, and the entire duration is reflected in the

video recording of the meeting which speaks for itself and any inconsistent characterizations thereof are denied.

37. Answering paragraph 37, Defendants lack information upon which to form beliefs as to the truth of the allegation that the Microsoft Teams cameras were turned off; therefore, deny. Answering further, Defendants deny all remaining allegations of the paragraph.

38. Answering paragraph 38, Defendants admit that on November 13, 2024, Plaintiff sent an email to all members of the Sheboygan City Council and affirmatively assert that the email speaks for itself and any inconsistent characterizations thereof are denied. Defendants deny all remaining allegations of the paragraph. Defendants further affirmatively assert that they lack information to form beliefs as to the truth of any allegations or implication that Plaintiff is a qualified person with a disability, that she was restricted from attending the meeting based on such disability or that she required accommodation, and therefore deny same. Defendants deny any and all allegations of wrongdoing express or implied.

39. Answering paragraph 39, Defendants deny; affirmatively assert that the Plaintiff's email is a document which speaks for itself and any inconsistent characterizations thereof are denied. Defendants further affirmatively assert that they lack information to form beliefs as to the truth of any allegations or implication that Plaintiff is a qualified person with a disability, that she was restricted from attending the meeting based on such disability or that she required accommodation, and therefore deny same. Defendants deny any and all allegations of wrongdoing express or implied.

40. Answering paragraph 40, Defendants deny; affirmatively assert that the Plaintiff's email is a document which speaks for itself and any inconsistent characterizations thereof are denied. Defendants further affirmatively assert that they lack information to form beliefs as to the

truth of any allegations or implication that Plaintiff is a qualified person with a disability, that she was restricted from attending the meeting based on such disability or that she required accommodation, and therefore deny same. Defendants deny any and all allegations of wrongdoing express or implied.

41. Answering paragraph 41, Defendants deny; affirmatively assert that the November 14, 2024 article is a document which speaks for itself and any inconsistent characterizations thereof are denied. Defendants further affirmatively assert that they lack information to form beliefs as to the truth of any allegations or implication that Plaintiff is a qualified person with a disability, that she was restricted from attending the meeting based on such disability or that she required accommodation, and therefore deny same. Defendants deny any and all allegations of wrongdoing express or implied.

42. Answering paragraph 42, Defendants deny; affirmatively assert that the November 14, 2024 article is a document which speaks for itself and any inconsistent characterizations thereof are denied. Defendants further affirmatively assert that they lack information to form beliefs as to the truth of any allegations or implication that Plaintiff is a qualified person with a disability, that she was restricted from attending the meeting based on such disability or that she required accommodation, and therefore deny same. Defendants deny any and all allegations of wrongdoing express or implied.

43. Answering paragraph 43, Defendants deny; affirmatively assert that the video recording of the meeting speaks for itself and any inconsistent characterizations thereof are denied. Defendants deny any and all allegations of wrongdoing express or implied.

44. Answering paragraph 44, Defendants deny.

45. Answering paragraph 45, Defendants admit that Plaintiff sent an email to Kelly Hendee on January 4, 2025, at 7:02 a.m.; affirmatively assert that the email is a document that speaks for itself and any inconsistent characterizations thereof are denied; deny all remaining allegations of the paragraph. Defendants further affirmatively assert that the emails included in the email to Ms. Hendee are documents which speak for themselves and any inconsistent characterizations thereof are denied. Defendants deny any and all allegations of wrongdoing express or implied.

46. Answering paragraph 46, Defendants deny; affirmatively assert that the email Plaintiff sent to Kelly Hendee on January 4, 2025, is a document which speaks for itself and inconsistent characterizations thereof are denied. Defendants deny any and all allegations of wrongdoing express or implied.

47. Answering paragraph 47, Defendants deny. Defendants deny any and all allegations of wrongdoing express or implied.

## FIRST CAUSE OF ACTION – ADA/REHABILITATION ACT CLAIM

48. Answering paragraph 48, Defendants deny.

49. Answering paragraph 49, Defendants deny.

50. Answering paragraph 50, Defendants deny.

51. Answering paragraph 51, Defendants deny.

## FIRST AMENDMENT CLAIM

52. Answering paragraph 52, Defendants reassert and reallege their responses to paragraphs 1-51.

53. Answering paragraph 53, Defendants deny as stated; affirmatively assert that Mayor Sorenson was acting within the scope of his duties as Chair of the Commission and Mayor

throughout the November 12, 2024, City Plan Commission meeting; deny that he denied Plaintiff the ability to speak.

54. Answering paragraph 54, Defendants deny.

55. Answering paragraph 55, Defendants deny.

The remainder of Plaintiff's Complaint consists of a prayer for relief to which no response is necessary; to the extent a response is required, Defendants deny each and every allegation contained therein and deny that Plaintiff is entitled to the relief sought or whatsoever.

## **AFFIRMATIVE DEFENSES**

As and for their affirmative defenses to the Plaintiff's Complaint, Defendants allege as follows:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's is equitably estopped from pursuing the claims in the Complaint, in whole or in part, by reason of her own actions and course of conduct.

3. Plaintiff's claims are barred by the doctrine of waiver.

4. Plaintiff cannot establish a prima facie case of violation of any federal law, including the ADA, the Rehabilitation Act. or the First or Fourteenth Amendment.

7. Plaintiff is not a qualified individual with a disability.

8. Mayor Sorenson is an improper party to this lawsuit, because he acted at all pertinent times as an agent of Defendant City of Sheboygan, and Plaintiff fails to state a claim against him in his individual capacity.

9. To the extent Plaintiff bases any of her claims on grounds other than 42 U.S.C § 1983, the ADA or the Rehabilitation Act, Defendants are immune from liability under Wis. Stat. § 893.80 or other law.

10. Defendants have not violated any established right held by the Plaintiff under the Constitution or laws of the United States, any political subdivision, or any act of Congress providing for the protection of civil rights.

11. Defendants acted in the lawful exercise of their discretion and as a result the Defendants are entitled to governmental immunity.

12. Defendants have not violated any clearly established constitutional or statutory rights that a reasonable person is likely to have known and therefore are entitled to qualified immunity.

13. Injury or damage, if any, to Plaintiff was not caused by a widespread practice, express policy, or custom of the City of Sheboygan.

14. Constitutional injury, if any, to Plaintiff was not caused by an individual with final policymaking authority over the First Amendment, ADA or Rehabilitation Act accommodation.

15. Plaintiff's Rehabilitation Act claim fails, because she has failed to allege that the Sheboygan Plan Commission received or was directly benefited by federal financial assistance.

16. Plaintiff's claim for punitive damages fails, because Defendants acted in good faith and had reasonable grounds for believing their actions complied with the law, and took no action with respect to Plaintiff with malice or any willful, wanton, deliberate indifference, or reckless disregard for Plaintiff's rights or with the intention of violating the US Constitution, federal or state law or public policy of the State of Wisconsin.

17. Plaintiff has not and cannot allege any facts from which it may be concluded that disability discrimination played a role in Defendants' decisionmaking process or alleged actions.

18. Without admitting any of the allegations contained in Plaintiff's Complaint, Defendants aver that the City of Sheboygan is not responsible for any act of its agents or employees

that it did not direct, authorize or ratify, or that are outside the scope of their appointment or employment.

19. Plaintiff had no cognizable property interest in having remote access to the November 12, 2024 meeting.

20. Defendants' alleged actions were based upon lawful time, place and manner restrictions, narrowly tailored to serve a significant government interest.

21. Plaintiff lacks standing to seek injunctive relief.

22. Plaintiff has not and cannot offer evidence of a real and immediate threat of future violation of her rights.

23. Injunctive relief is not appropriate because the alleged challenged conduct has already occurred and there is no threat of reoccurrence.

24. As a matter of law, Plaintiff may not recover punitive damages against the Defendants under 42 U.S.C § 1983, the ADA or the Rehabilitation Act.

25. Plaintiff's remedies under the ADA and the Rehabilitation Act are limited.

26. Plaintiff has failed to mitigate her alleged damages.

27. Plaintiff is not entitled to attorneys' fees because the action will not achieve a public goal.

28. Defendants adopt and incorporate herein by reference all affirmative defenses available under Rule 12 of the Federal Rules of Civil Procedure (or any applicable statute or regulation) to the extent the facts known at this time would make any of said defenses available or facts developed in the future would make same available. No affirmative defense is waived.

29. Defendants reserve the right to add affirmative defenses as may hereafter become apparent through the course of litigation.

Wherefore, Defendants Mayor Ryan Sorenson and City of Sheboygan, Wisconsin, respectfully request that the Court:

A. Enter judgment in favor of Defendants Mayor Ryan Sorenson and City of Sheboygan, Wisconsin.

B. Award Defendants their reasonable costs and fees, including attorneys' fees.

C. Grant Defendants such other and further relief as the Court deems just and proper.

Dated this 6th day of May, 2025.

VON BRIESEN & ROPER, S.C.<br>
Attorneys for Defendants<br>
<br>
By:    *s/ Jill Pedigo Hall*<br>
Jill Pedigo Hall, SBN 1016860<br>
10 East Doty Street, Suite 900<br>
Madison, WI 53703<br>
(608) 661-3966<br>
jill.hall@vonbriesen.com

42586603.1.DOCX