IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

DR. BELLE ROSE RAGINS
4933 Evergreen Drive
Town of Wilson, WI 53081,

        Plaintiff,

   v.

MAYOR RYAN SORENSON
828 Center Avenue
Sheboygan, WI 53081,

and

CITY OF SHEBOYGAN, WISCONSIN
828 Center Avenue
Sheboygan, WI 53081

        Defendant.

Case No.: 2:25-cv-338-LA
Case Code: 446 (Americans w/ Disabilities – Other)

---

## AMENDED COMPLAINT

---

COMES NOW the Plaintiff, Dr. Belle Rose Ragins, by her attorneys Davey & Goldman by Lisa C. Goldman and Bruce M. Davey, and as and for her amended complaint alleges and shows the court as follows:

### NATURE OF CLAIM

This is an action under Title II of the Americans with Disabilities Act of 1990 (ADA) and under Section 505 of the Rehabilitation Act of 1973, which enforces Section 504 of the Rehabilitation Act of 1973 (Rehabilitation Act), to redress unlawful disability-based practices and 42 U.S.C. § 1983 and the 1st and 14th Amendment to the Constitution of the United States for the deprivation of Plaintiff's right to speak about matters of public concern at a public meeting. Defendant, Ryan Sorenson and the City of Sheboygan, Wisconsin, denied Dr. Ragins' the right to

1

participate in programs or activities by giving testimony in a City of Sheboygan's Plan Commission Meeting on the basis of her disability and in order to prevent her from speaking on matters of public concern.

Defendant Ryan Sorenson and the City of Sheboygan, Wisconsin also retaliated against Dr. Ragins after she filed a complaint alleging a violation of the ADA and Rehabilitation Act by making defamatory statements to the press, including the claim that "Regrettably, a non-Sheboygan resident (Ragins) attending virtually repeatedly disrupted the proceedings, interrupting speakers and detracting from the Commission's focus and decorum." This statement was made in direct response to a media inquiry about Plaintiff's complaint and was published by local news outlet WHBL on November 14, 2024.

## JURISDICTION AND VENUE

1. Jurisdiction of this court is proper under 28 U.S.C. §§ 451, 1331, 1337, and 1343. This action is brought pursuant to 42 U.S.C. § 1983, the 1st and 14th Amendments to the Constitution, and under Sections 12132 and 12133 of the ADA, 42 U.S.C. §§ 12132 and 12133— incorporating by reference the remedies, procedures, and rights under the Rehabilitation Act, 29 U.S.C. § 794 and 794a, and under Section 505 of the Rehabilitation Act, which enforces Section 504 of the Rehabilitation Act, 42 U.S.C. § 794 and 794a—incorporating the remedies, rights, and procedures, set forth in Section 717 of the Civil Rights Act of 1964, including the application of Sections 706(f) through 706(k), 42 U.S.C. § 2000e-5(f)–(k).

The Court has supplemental jurisdiction over Dr. Ragins state law defamation claim pursuant to 28 USC § 1367.

2. The alleged unlawful practices were and are taking place in the Eastern District of Wisconsin.

# PARTIES

3. Dr. Belle Rose Ragins is an individual with a disability in that Plaintiff has a physical impairment, hearing loss and late-stage Lyme disease, that substantially limits major life activity including working and access to and participation in public meetings. Plaintiff resides at 4933 Evergreen Drive, Town of Wilson, Wisconsin.

4. Plaintiff is an otherwise qualified (Rehabilitation Act) or qualified (ADA) individual with a disability in that Plaintiff is qualified to access defendant City of Sheboygan's programs or activities.

5. Plaintiff was denied the right to participate by giving testimony in the City of Sheboygan's Plan Commission Meeting on November 12, 2024.

6. Plaintiff is expressly authorized under the ADA, 42 U.S.C. §§ 12132 and 12133, incorporating by reference the remedies, procedures, and rights under the Rehabilitation Act, 29 U.S.C. § 794 and 794a—and under Section 505 of the Rehabilitation Act, which enforces Section 717 of the Civil Rights Act of 1964, including the application of Sections 706(f) through 706(k), 42 U.S.C. § 2000e-5(f)–(k), to bring this action.

7. Defendant Ryan Sorenson at all times relevant to this matter was the Mayor of the City of Sheboygan, Wisconsin and the Chair of the City's Plan Commission, and was authorized to act on behalf of the City of Sheboygan. Defendant Sorenson's office is located at 828 Center Avenue, Sheboygan, Wisconsin 53081.

8. Defendant, City of Sheboygan, Wisconsin, is a municipal corporation, authorized under and created by the laws of the State of Wisconsin. It is authorized by law to maintain and operate a City Development Department and Plan Commission. The City's offices are located at 828 Center Avenue, Sheboygan, Wisconsin 53081.

9. At all relevant times, the City of Sheboygan, Wisconsin has been a public entity as defined in Section 12131(1) of the ADA, 42 U.S.C. § 12131(1), in that it is a local governmental entity or agency thereof.

10. On information and belief, at all relevant times, the City of Sheboygan has received federal funds.

**FACTS**

11. A meeting of the City of Sheboygan Plan Commission was scheduled for November 12, 2024, at 4:00 p.m.

12. An item on agenda identified for "Discussion and Possible Action" at the meeting was:

> Kohler Co. time extension request to a previously approved conditional use permit to construct a new golf course on Kohler Co. property north of Kohler-Andrae State Park between Black River and Lake Michigan.

13. The posted agenda for the November 12, 2024 City of Sheboygan Plan Commission stated, "Persons with disabilities who need accommodations to attend this meeting should contact the Department of City Development, (920) 459-3377" and that persons "who wish to participate remotely shall provide notice to the City Development Department at 920-459-3377 at least 24 hours before the meeting so that the person may be provided a remote link for that purpose."

14. Plaintiff has hearing loss and late-stage Lyme disease, disabilities protected by the Americans with Disability Act (ADA). Plaintiff's disabilities prevented her from attending the Plan Commission's November 12, 2024, meeting in person.

15. Plaintiff followed meeting agenda's instructions, submitting an ADA accommodation request via phone and email to the City Development Department more than 24

4

hours before the meeting. She was directed to Ellise Rose, the Associate Planner in the City's Development Department who was responsible for ADA meeting compliance.

16. Plaintiff also left a voicemail with the City of Sheboygan Mayor's office, reiterating her request for accommodation and the city's legal obligation under the ADA to ensure that she would be able to participate in the meeting.

17. Ellise Rose then emailed Plaintiff with a Microsoft Teams link for the meeting.

18. Although the posted agenda did not include a public comment period, Plaintiff learned that public comment might be allowed in the meeting. Plaintiff emailed Rose, asking, "Will public comment be available to people with disabilities, as well as others, who are accessing the meeting via Teams?"

19. Rose responded, "I believe the Chair of the Commission will be allowing public comment. It should be available to people attending virtually as well."

20. Plaintiff prepared a three-minute statement regarding the discovery of Native American burial sites on the property and logged into the meeting via the Teams link in order to provide public comment.

21. Although the meeting agenda did not list a public comment period, Mayor Ryan Sorenson, Chair of the Plan Commission, invited public comment, and five in-person attendees were allowed to give public comment.

22. Mayor Ryan Sorenson, Chair of the Plan Commission, opened the floor to public comment asking if "anyone from the public wishes to speak on this item". Town of Wilson resident Roger Miller then gave his testimony.

23. Mayor Sorenson asked again, "Anyone else wishing to speak?"

24. Plaintiff responded, "I would. I'm Dr. Belle Rose Ragins, and I…"

5

25. Before Plaintiff could continue, the Mayor abruptly interrupted, stating, "Excuse me. Excuse me. Excuse me," and Plaintiff attempted to clarify, "I would like to give a testimony."

26. At this moment, an audience member interjected, saying, "She can speak," and the Mayor responded, "Nope. You have to be present to publicly testify today. Online is just watching."

27. Plaintiff responded, "No, I was told by Ellise Rose that we would have access because of the Americans with Disabilities Act," and before she could finish, the Mayor interrupted again, pounded his gavel, and said, "Please, stop. Thank you."

28. Ellise Rose, seated next to the Mayor in the chair labeled for the Town Clerk, said, "She can, she can." Rose, the administrator responsible for ADA accommodations for the meeting, was the same official who assured Ragins that she would be allowed to testify virtually.

29. The Mayor then called on Claudia Bricks, an in-person attendee and resident of the Town of Wilson resident, to speak and Ms. Bricks responded that she would like to hear Dr. Ragins speak and wanted to yield her time to Ragins.

30. The Mayor refused, stating, "We don't do public input from virtual. Virtual is watching only. Anyone else willing to speak on this here?"

31. After a brief silence, Ragins interjected, "That's wrong. That's absolutely wrong."

32. In response, the Mayor pounded his gavel and instructed, "Scott, please mute it."

33. As her microphone was being cut, Plaintiff attempted to continue, "The Americans with Disabilities Act. There's no reason to exclude—." Plaintiff's audio was cut off mid-sentence.

34. Since she could no longer speak, Plaintiff inserted a copy of the email from Ellise Rose into the Microsoft Teams chat box, which stated, "I believe the Chair of the Commission will be allowing public comment. It should be available to people attending virtually as well."

35. Plaintiff also posted a statement in the chat emphasizing the importance of accessibility for people with disabilities. There was no response.

36. The meeting then continued with multiple in-person attendees from Sheboygan and the Town of Wilson providing public testimony.

37. Beyond being denied the opportunity to speak, Plaintiff was also unable to observe the meeting, as the Microsoft Teams cameras were turned off, restricting her to audio-only access.

38. On information and belief, Defendant Sorenson was familiar with Dr. Ragins and aware of her public statements and published editorials raising concerns about the Native American burial sites located on the property at issue in the November 12, 2024 Plan Commission meeting. These statements specifically addressed the need for Kohler to conduct a new archaeological survey as a condition for approving the CUP extension.

39. Immediately following the meeting on November 13, 2024, Plaintiff filed a written ADA complaint with City of Sheboygan Council members, copying Mayor Sorenson and City Attorney Charles Adams.

40. Plaintiff's complaint detailed the violation and included the written e-mail correspondence with Ellise Rose, which documented her ADA accommodation request and Rose's assurance that public comment should be available to virtual attendees if public comment was allowed in the meeting.

41. In her complaint to the City, Plaintiff formally requested that they address this violation and take concrete actions to ensure future compliance with the ADA in all city meetings. This correspondence also served to formally notify the Mayor of his ADA violation during the meeting.

7

42. The violation was covered by a local news outlet, WHBL, on November 14, 2024, in an article titled, "Mayor Responds 'Commission Meeting is not a Public Hearing' After complaint filed over denial to speak."  (Link to article: https://whbl.com/2024/11/14/mayor-responds-commission-meeting-is-not-a-public-hearing-after-complaint-filed-over-denial-to-speak/ )

43. The article provided a brief overview of Ragins' complaint and included public statements from Mayor Sorenson regarding Ragins.  Excerpts from the article:

> "She'd (Ragins) registered in advance to attend remotely because of a disability, but when she voiced her request to speak, she was refused by Mayor Sorenson who chairs the commission because the agenda didn't include a public input opportunity."
>
> "We reached out to Mayor Ryan Sorenson for comment, and he responded that 'Regrettably, a non-Sheboygan resident attending virtually repeatedly disrupted the proceedings, interrupting speakers and detracting from the commission's focus and decorum.' He continued, 'We respect and encourage public engagement, and we also uphold the rules that ensure our meetings are conducted in an orderly and constructive manner.'
>
> Sorenson said that the distinction between a public meeting and a commission meeting is important, and while he says that the City was diligent in ensuring that all necessary accommodations were made to allow for that access, "…participation in a public meeting does not guarantee the right to speak without being formally recognized, which was clearly stated.' "

44. The Mayor's characterization of Ragins' attempts to speak as disruptive or disorderly is false and defamatory.  Plaintiff responded only after the Mayor invited additional public comment. The claim that she was "interrupting speakers" is also demonstrably false, as the meeting recording shows that in-person attendees specifically requested that she be allowed to testify, with one even offering to yield their time to her.

8

Case 2:25-cv-00338-LA    Filed 07/14/25    Page 8 of 12    Document 19

45. Mayor Sorenson misled the public by falsely stating that public comment was not allowed at the meeting, despite the fact that five in-person attendees were permitted to testify.

46. After receiving no response from the city regarding her initial complaint, Plaintiff followed up on January 4, 2025, by emailing Kelly Hendee, HR Director for the City of Sheboygan a copy of her November 13th complaint submitted to City Council members, Mayor Sorenson, and City Attorney Charles Adams. She also included the email correspondence with Ellise Rose documenting her ADA accommodation request and Rose's written assurance that public comment should be available to virtual attendees if it was allowed in the meeting.

47. Plaintiff informed Ms. Hendee that she had not heard back from the city regarding her complaint and requested an investigation and implementation of procedures to prevent future ADA violations in City of Sheboygan meetings.

48. The city has not responded to Ragins' complaint.

## CAUSES OF ACTION

## ADA/REHABILITATION ACT CLAIM

49. Since at least November 12, 2024, Ryan Sorenson and the City of Sheboygan have engaged in unlawful practices in violation of ADA sections (list specific sections of Title II of the ADA that were violated) and in violation of Section 504 of the Rehabilitation Act, 42 U.S.C. § 794.

50. These practices include but are not limited to denying Dr. Belle Rose Ragins—an individual with a disability who, with or without reasonable modifications to rules, policies or practices; the removal of architectural, communication, or transportation barriers; or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by the City of Sheboygan, Wisconsin—access to the meetings of the City of Sheboygan's Plan Commission.

51. The effect of the practices complained of has been to deprive Dr. Belle Rose Ragins equal access to a public entity's services, programs, and activities and to otherwise adversely affect her status as a member of the public interested in accessing the City of Sheboygan's programs and activities.

52. The unlawful practices complained of were and are done with deliberate indifference.

## FIRST AMENDMENT CLAIM

53. As and for her second cause of action, Plaintiff realleges the allegations set forth in paragraphs 1–47.

54. Defendant Sorenson was acting under color of law when he denied Plaintiff the ability to speak at the November 12, 2024, City Plan Commission meeting.

55. Defendant Sorenson's refusal to permit Plaintiff to speak was intentional and for the purpose of depriving Plaintiff of her right under the 1st and 14th Amendment of the Constitution of the United States to speak about matters of public concern in violation of 42 U.S.C. § 1983.

56. Plaintiff is entitled to compensatory damages for the deprivation of her constitutional rights under the 1st and 14th Amendments.

## RETALIATION CLAIM AND DEFAMATION CLAIMS

As and for her third cause of action, Plaintiff realleges the allegations set forth in paragraphs 1 – 56.

57. Defendant Sorenson retaliated against Plaintiff because she filed a formal complaint with the City of Sheboygan Common Council alleging Sorenson blocked her participation in the November 12, 2024, Plan Commission meeting in violation of the ADA by

making public statements that Plaintiff was denied participation because she "repeatedly disrupted the proceedings, interrupted speakers and distracting from the Commissions focus and decorum.

**58. Defendant Sorenson's statements quoted in paragraph 57 were covered by a local news outlet, WBHL in an article titled, "Mayor Responds Commission Meeting Is Not a Public Hearing After Complaint Filed Over Denial to Speak."**

59. Defendant Sorenson's statements are defamatory.

60. Defendant Sorenson's statements are false and were made with the intention of discrediting Plaintiff and damaging her reputation and good name.

61. Defendant Sorenson made the statements with malice and ill-will.

62. Defendant Sorenson's statements have caused Plaintiff anxiety and emotional distress entitling her to compensatory and punitive damages in an amount determined to be reasonable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining Mayor Ryan Sorenson and the City of Sheboygan, its officers, management personnel, employees, agents, successors, assigns, and others in participation with them, from engaging in discrimination based on disability in the programs, services, and activities of Mayor Ryan Sorenson and the City of Sheboygan;

B. Order Mayor Ryan Sorenson and the City of Sheboygan to formulate and implement services, programs, and activities that provide equal access to otherwise qualified individuals with disabilities and to eradicate the effects of past and present unlawful practice in the carrying out of the City of Sheboygan's programs, services, and activities;

C. Award Plaintiff appropriate compensatory damages for the injury suffered by Plaintiff by reason of Defendant Sorenson's intentional unlawful and unjustified conduct, in an amount fair, just and reasonable and in conformity with the evidence at trial;

D. Award Plaintiff appropriate punitive and exemplary damages to the extent allowable by law;

E. Grant such further relief as the Court deems appropriate; and

F. Grant Plaintiff her fees and costs in this action.

## JURY DEMAND

A Jury Trial is requested.

Dated: July 14, 2025

        DAVEY & GOLDMAN
        Attorneys for Plaintiffs

        ***Electronically Signed by Lisa C. Goldman***
        Lisa C. Goldman
        State Bar No. 1029893
        5609 Medical Circle, Suite 101
        Madison, Wisconsin 53719
        Phone: 608-630-9700
        Fax: 608-205-5645
        lgoldman@daveygoldman.com