UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

DR. BELLE ROSE RAGINS,

        Plaintiff,

v.

MAYOR RYAN SORENSON, et. al.,

        Defendant.

Case No.: 25-cv-338

## CIVIL L. R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION

COMES NOW The Plaintiff by her attorneys Davey & Goldman by Lisa C. Goldman and moves the Court pursuant to Civil L. R. 7(h) and FRCP Rules 26(c) and 43(a) to find there are compelling circumstances and good cause for the entry of an order permitting Plaintiff to appear and testify remotely for depositions and other proceedings in this matter unless otherwise ordered by the Court.

1.    Dr. Ragins has documented bilateral hearing loss and tinnitus, confirmed by audiological testing. Simple amplification does not resolve these comprehension difficulties, as the issue involves auditory discrimination rather than loudness. These conditions make extended in-person proceedings especially challenging. (Ragins Decl., ¶¶ 2, 9-10)

2.    In addition, Dr. Ragins has a diagnosis of late-stage Lyme disease, as documented in her medical records. This condition contributes to periodic fatigue, dizziness, and balance instability, and it is medically advisable that she avoid exposure to Covid-19 and other respiratory infections due to her underlying condition. Viral infections such as Covid-19 could exacerbate the

1

chronic, systemic, and neurological impairments associated with late-stage Lyme disease. (Ragins Decl., ¶ 2)

3. Since 2022, Dr. Ragins' employer, the University of Wisconsin–Milwaukee, has provided reasonable accommodations for her hearing loss and late-stage Lyme disease. These accommodations include: a) Remote teaching via Zoom; b) Remote participation in faculty and committee meetings via Microsoft Teams; and c) Adaptive technologies and captioning tools in Microsoft Teams. (Ragins Decl., ¶ 3) These measures have enabled her to perform all essential functions of her position fully and successfully. (Ragins Decl., ¶ 3; Davey Decl., ¶ 9, Exh. B, pp. 1-4).

4. Dr. Ragins' treating physician, Dr. Eric Boehmer, confirmed these limitations in his letter to the University of Wisconsin–Milwaukee documenting her request for reasonable accommodation. He also noted in her medical chart that it is medically prudent for her to avoid contracting Covid-19. Covid-19 could compromise her immune system and aggravate symptoms related to Lyme disease. Consistent with this medical guidance, Dr. Ragins has limited her in-person activities since 2020 to essential masked medical appointments, conducting all professional and civic engagements virtually. (Ragins Decl., ¶¶ 3-8; Davey Del., ¶ 9, Exh. B)

5. Attendance at an in-person hearing or deposition would require extended auditory concentration, masking, and prolonged indoor exposure, which would exacerbate both her hearing-related and Lyme-related symptoms. (Ragins Decl., ¶¶ 9)

6. Remote participation through secure videoconference provides the necessary accessibility features—clear audio, captioning, and visual cues—while eliminating the physical and medical risks associated with in-person proceedings like COVID which attorney Pedigo Hall

has contracted twice between July 27, 2025 and October 11, 2025. (Ragins Decl., ¶ 10; Dkt. 24, ¶ 3)

7. Dr. Ragins has participated successfully in virtual mediation sessions in this matter, demonstrating that remote appearance is effective, safe, and fair to all parties. (Ragins Decl., ¶ 7)

8. Technology can accommodate exhibits and marking with an electronic pen on the exhibits in real time during the deposition.

9. Remote depositions promote judicial efficiency and reduce litigation expenses and have been regularly used by Plaintiff's and Defendants' attorneys in other litigation in which they have jointly been involved.

10. Defendants' attorneys have obtained Plaintiff's medical records and are aware of her hearing loss and late-stage Lyme disease; her remote teaching as an accommodation permitted by her employer; and her limitation of in-person activities to masked medical appointments. (Davey Decl., ¶ 8)

11. Defendants' attorneys demand Plaintiff appear for a deposition in person and refuse to take her deposition remotely. Plaintiff has requested Defendants identify the basis for their insistence on in person participation and they have failed to offer an explanation and have informed Plaintiff's counsel the issue should be taken up with the court. (Davey Decl., ¶¶ 2-5)

12. Plaintiff's counsel then provided Defendants with a copy of Dr. Ragins Declaration describing her medical history and avoidance since March 2020, of all indoor public settings to avoid contracting Covid-19 and to preserve her health and informed them if they refused to agree to remote participation Plaintiff would file an Expedited Non-Dispositive Motion to resolve the matter. (Davey Decl., ¶ 6)

13. Defendants did not respond. (Davey Decl., ¶ 7)

14. Under Federal Rule of Civil Procedure 43(a), the Court may permit a party to appear or testify remotely "[f]or good cause in compelling circumstances and with appropriate safeguards." Disability-related and medical limitations constitute "compelling circumstances" under this rule. *Raffel Sys., LLC v. ManWah Holdings Ltd., Inc.*, 2020 U.S. Dist. Lexis 104321 (E.D. Wis. June 15, 2020).

15. In addition, Rule 26(c) authorizes a protective order to prevent undue burden or expense, including health-related risks and functional limitations. The ADA (Title II) and Rehabilitation Act require courts to provide reasonable modifications to ensure equal access for individuals with disabilities. Remote appearance is a widely recognized, low-burden accommodation that fully satisfies these standards.

Dated: November 17, 2025

                                        DAVEY & GOLDMAN
                                        Attorneys for Plaintiff

                                        ***Electronically signed by Lisa C. Goldman***
                                        Lisa C. Goldman
                                        State Bar No. 1029893
                                        5609 Medical Circle, Suite 101
                                        Madison, Wisconsin 53719
                                        Phone: 608-630-9700
                                        Fax: 608-205-5645
                                        lgoldman@daveygoldman.com

## CERTIFICATION

I certify that Plaintiff's counsel has in good faith conferred with the other affected parties in an effort to resolve the dispute without court action.

                                        */s/ Bruce M. Davey*
                                        Bruce M. Davey