UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DR. BELLE ROSE RAGINS,

           Plaintiff,

v.                                                        Case No. 25-CV-338

MAYOR RYAN SORENSON and
CITY OF SHEBOYGAN, WISCONSIN,

           Defendants.

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S CIVIL L. R. 7(H) EXPEDITED NON-DISPOSITIVE MOTION FOR PROTECTIVE ORDER

In the June 6, 2025, Joint Rule 26(f) Discovery Plan and Preliminary Pretrial Conference Report, Plaintiff's counsel stated that she would file a motion seeking a protective order allowing Plaintiff to appear remotely for all proceedings. Dkt. 14. Despite signaling her intention to bring the motion, Plaintiff waited six months, as Defendants sought dates for Plaintiff's deposition, to expedite the Court's consideration of a key substantive issue in this ADA case: whether Plaintiff was unable to appear in person at the November 12, 2024 Sheboygan Planning Commission meeting.

### A. The Motion is Procedurally Legally Deficient and Should be Summarily Dismissed.

Plaintiff's submission shows that Plaintiff's counsel made no effort to hold a conference with defense counsel over the issue at hand. Civil L.R. 37 requires that, prior to filing a discovery motion the movant must confer in good faith with the opposing party in an effort to avoid court action, and also to certify that the parties have been unable to reach an accord. "Motions that fail to meet the requirements of Civil L.R. 37 may be summarily dismissed." *Lawson v. J.C. Penney Co., Inc.*, No. 12-C-1190, 2013 WL 12380223 (E.D. Wis. May 8, 2013). The instant motion is

governed by Fed. R. Civ. P. 37 and Civ. L. R. 37 (E.D. Wis.). Both rules require the movant certify that she has conferred or attempted to confer in good faith with the nonmovant in an attempt to resolve the issue, and the parties were unable to reach an accord, before requesting court action. Fed. R. Civ. P. 37(a)(1); Civ. L.R. 37. Further, the certification "must recite the *date and time of the conference or conferences and the names of all parties participating* in the conference or conferences." Civ. L.R. 37.; *Marquardt v. American Custom Metal Fabricating, Inc.,* 2025 WL 2955832 (E.D. Wis. Sept. 30, 2025) (emphasis added). Attorney Davey's certification (falling outside of the page limitation of Civil L. R. 7(h)) states: "I certify that Plaintiff's counsel has in good faith conferred with the other affected parties in an effort to resolve the dispute without court action." Not only is this certification noncompliant but, as shown by Plaintiff's own exhibits, this statement is false. Plaintiff's counsel did not, at any time, seek to have a "meet and confer" on the issue of Plaintiff's remote participation. Declaration of Jill Pedigo Hall ("Hall Dec."), ¶ 2. Moreover, Attorney Davey has never communicated with defense counsel. (Hall Dec., ¶ 3). Combined with Attorney Davey's disingenuous allegation, that he sent an email communication to defense counsel, his certification demonstrates a concerning lack of candor on Plaintiff's part in bringing this motion. *See,* Davey Dec. ¶ 6. For her part, Attorney Goldman simply sent emails to defense counsel, insisting on Plaintiff's remote participation based solely upon an unproven and medically unsupported need for Plaintiff to refrain from human contact. Credibility concerns aside, Plaintiff's certification is legally deficient; it does not meet the above stated requirements of Civ. L.R. 37. *See, Woods v. Dimensions Living Cudahy, LLC*, 2025 WL 2589745 (E.D. Wis. Aug. 25, 2025).

**B. There is No Medical Support for Plaintiff's Motion.**

Even if the Court is inclined to substantively address the contentions made in Plaintiff's Motion, the Court should still deny Plaintiff's requested relief in its entirety. Plaintiff provides no

competent medical evidence substantiating her purported medical need to testify remotely. She offers only a self-serving declaration and a hearsay copy of a letter, to which she drafted answers then forwarded to her physician to sign. (Hall Dec., ¶ 4, Ex. A). Plaintiff fails to provide competent objective medical evidence to support her alleged need to isolate and appear remotely. See, *Jones v Merchants Nat. Bank & Trust Co.*, 42 F.3d 1054, 1057 (7th Cir. 1994). While Attorney Goldman repeatedly generally references medical records throughout her motion, she provides not one record (out of the 6000 pages) that supports Plaintiff's claims to have an autoimmune disorder requiring her self-isolation. By Plaintiff own admission, she has been engaged in strict isolation since 2020, three years before her alleged Lyme Disease diagnosis. (Ragins Dec., ¶ 6). Thus, her choice to remove herself from all in-person contact with people seems to be emotionally cautionary, not medically advised. Despite assertions of varied physical issues, her records also show Plaintiff daily runs 2-4 miles, bicycles 10 miles and walks 2-4 miles. (Hall Dec., ¶ 5, Ex. B). And, despite her claims of stress in extended communications, at the end of the prolonged and failed 12-hour mediation on the first day, Plaintiff appeared on screen invigorated and even laughing. (Hall Dec., ¶ 6). Plaintiff's credibility is at issue here on the extent and impact of her claimed disability, as set out in her self-serving declaration, and as regards her alleged damages, supporting the need for in-person deposition. "Remote depositions preclude in-person confrontation and the assessment of a deponent's demeanor, affect, non-verbal responses, and facial expressions...." *United States v. M/Y Amadea,* 2024 WL 4799887, at *5 (S.D.N.Y. Nov. 15, 2024); citing, *Charr v. King*, 2023 WL 9792732, at *2 (S.D. Fla. Nov. 3, 2023); see, also, *Crutchfield v. Experian Information Solutions, Inc*., 2025 WL 2938760 (N.D. Ill. Oct. 16, 2025).

      Finally, if Plaintiff's counsel had held a "meet and confer" with defense counsel, we could have advised them on the adjustments Defendants would provide Plaintiff for deposition due to

her extreme emotional concerns over contracting COVID. Specifically, her deposition will take place in the Sheboygan City Council chambers allowing Plaintiff to: (1) be seated before a microphone, (2) employ the Listen hearing system made available to all hearing-impaired citizens who participate in City meetings (Hall Dec., ¶ 7, Ex. C).; and, (3) sit at least 40 feet from any other human. (Hall Dec., ¶ 8, Ex. D). Based upon the foregoing, Defendants respectfully request the Court summarily dismiss this motion and order an in-person deposition. However, in the event the Court determines that Plaintiff's deposition should proceed remotely, Defendants would request the Court not make a premature finding of medical necessity as it relates to the merits of this case.

Dated this 24th day of November, 2025.

VON BRIESEN & ROPER, S.C.

By: *s/ Jill Pedigo Hall*
Jill Pedigo Hall
State Bar No. 1016860
**Attorney for Defendants Mayor Ryan Sorenson and the City of Sheboygan**
VON BRIESEN & ROPER, S.C.
10 East Doty Street, Suite 900
Madison, WI 53703
(608) 661-3966
jill.hall@vonbriesen.com

By: *s/ Laurie J. McLeRoy*
Laurie J. McLeRoy
State Bar No. 1018964
**Attorney for Defendants Mayor Ryan Sorenson and the City of Sheboygan**
VON BRIESEN & ROPER, S.C.
411 E. Wisconsin Avenue, Suite 1000
Milwaukee, WI 53202
(414) 287-1480
laurie.mcleroy@vonbriesen.com